# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CRIMINAL ACTION NO. 5:14-CR-00013-TBR

**FILED**
VANESSA L. ARMSTRONG, CLERK
JAN 23 2015
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES OF AMERICA

V.

DEMARCUS LAMAR FUQUA

# JURY INSTRUCTIONS

# INTRODUCTION

Members of the jury, it is now time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every criminal case. Then I will explain the elements, or parts, of the crimes that Defendant Demarcus Lamar Fuqua is accused of committing.

You have two main duties as a juror. The first is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant's guilt beyond a reasonable doubt. It is my job to instruct you about the law. You are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes any instructions that I gave you during the trial and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

### Presumption of Innocence, Burden of Proof, Reasonable Doubt

As you know, the defendant has pleaded not guilty to the crime charged in the indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the government tells a defendant what crime he is accused of committing. It does not even raise any

Case 5:14-cr-00013-TBR  Document 53  Filed 01/23/15  Page 3 of 18 PageID #: 176

suspicion of guilt.

Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that the defendant is innocent. This presumption of innocence stays with the defendant unless the government presents evidence here in court that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty.

This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that a defendant is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof that is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.

## Evidence Defined

You must make your decisions based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decisions in any way. The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to. Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. Sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way. Make your decision based only on the evidence, as I have defined it here, and nothing else.

## Direct and Circumstantial Evidence

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." "Direct evidence" is simply evidence like the testimony of an eyewitness that, if you believe it, directly proves a fact. For example, if a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining. "Circumstantial evidence" is simply a chain of circumstances that indirectly proves a fact. For example, if someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella,

that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight you should give to either one, nor does it say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

### Weighing the Evidence

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion. In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, but any inference you make must be based on the evidence in the case.

### Credibility of Witnesses

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions. You may consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. Then decide what testimony you believe and how much weight you think it deserves. You are free to believe everything that a witness said, or only a part of it, or none of it at all. But

you should act reasonably and carefully in making these decisions.

### Number of Witnesses

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference. Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

### Defendant's Testimony

You have heard the defendant testify. Earlier, I talked to you about the "credibility" or the "believability" of the witnesses. And I suggested some things for you to consider in evaluating each witness's testimony. You should consider those same things in evaluating the defendant's testimony.

### Effect of Stipulation

The parties have stipulated that the defendant has been convicted of a crime punishable by imprisonment for at least one year. A stipulation is an agreement between the parties that there is no factual dispute as to the matter. Both parties agree that this fact is true. Because the parties agree that there is no dispute as to this fact, they have presented this fact to you in the form of a stipulation. You should consider this stipulation as binding and conclusive.

### Impeachment of Defendant by Prior Conviction

You have heard that before this trial, the defendant was convicted of a crime. These earlier convictions were brought to your attention as one way of helping you decide how believable his testimony was and to establish that he is a convicted felon. You cannot use it for any other purpose.

### Objections at Trial

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial. Do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

### Deliberations and Verdict

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crime that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crime charged in the indictment. Your job is limited to deciding whether the government has proven the crime charged.

Also keep in mind that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider. The possible guilt of others is no defense to a

criminal charge. Your job is to decide if the Government has proved this defendant guilty. Do not let the possible guilt of others influence your decision in any way.

Now let me finish up by explaining some things about your deliberations in the jury room and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions and will speak for you here in court. You will take these instructions to the jury room, and when you have reached a unanimous agreement, you will have your foreperson fill in, date, and sign your answers.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

If you want to see any of the exhibits that were admitted in evidence that are not in the jury room, you may send me a message, and those exhibits will be provided to you.

One more thing about messages. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

### Experiments, Research, Investigation, and Outside Communications

Remember that you must make your decision based only on the evidence that you saw and heard here in court. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You should not consult dictionaries or reference materials, search the Internet, websites, or blogs, or use any other electronic tools to

obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

## Unanimous Verdict

Your verdict, whether it is guilty or not guilty, must be unanimous. That is, every member of the jury must agree on any answer to the question and verdict. To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves the defendant's guilt beyond a reasonable doubt. To find the defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt. Either way, guilty or not guilty, your verdict must be unanimous.

## Duty to Deliberate

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that—your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proven the defendant guilty beyond a reasonable doubt.

## Punishment

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be. Deciding the appropriate punishment is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict. Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

## Notes Taken During Trial

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror. Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

You will notice that we do have an official court reporter making a record of the trial. However, we will not have typewritten transcripts of this record available for your use in reaching a decision in this case.

## Verdict Form

I have prepared a verdict form that you should use to record your verdict. If you decide that the government has proved the charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved the charge against him beyond a reasonable doubt, say so by having you foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it, and return it to me.

## INSTRUCTION NO. 1
### Definition of the Crime

Count 1 of the indictment charges the defendant with being a convicted felon in possession of a firearm. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

1. First: That the defendant has been convicted of a crime punishable by imprisonment for more than one year. The government and the defendant have agreed that the defendant has previously been convicted of a crime punishable by imprisonment for more than one year.

2. Second: That the defendant, following his conviction, knowingly possessed a firearm; that is, a Jimenez Arms, Model J.A. Nine, 9 millimeter pistol, serial number 118679, with one magazine.

3. Third: That the firearm crossed a state line prior to the alleged possession. It is sufficient for this element to show that the firearm was manufactured in a state other than Kentucky.

Now I will give you more detailed instructions on some of these elements.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also means the frame or receiver of any such weapon.

The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident. Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking. But a defendant's state of mind can be provided indirectly from the surrounding circumstances. This

includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind. You may also consider the natural and probable results of any acts that the defendant knowingly did and whether it is reasonable to conclude that the defendant intended those results.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

## INSTRUCTION NO. 2
### Actual and Constructive Possession

Next, I want to explain something about possession. The government does not necessarily have to prove that the defendant physically possessed the alleged firearm for you to find him guilty of this crime. The law recognizes two kinds of possessions—actual possession and constructive possession. Either one of these, if proven by the government, is enough to convict.

To establish actual possession, the government must prove that the defendant had direct, physical control over the alleged firearm, and knew that he had control over it.

To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the alleged firearm, and knew that he had this right, and that he intended to exercise physical control over the alleged firearm at some time, either directly or through other persons.

For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

But understand that just being present where something is located does not equal possession. The government must prove that the defendant had actual or constructive possession of the alleged firearm, and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

## INSTRUCTION NO. 3
### Joint Possession

One more thing about possession. The government does not have to prove that the defendant was the only one who had possession of the alleged firearm. Two or more people can together share actual or constructive possession over property. And if they do, both are considered to have possession as far as the law is concerned.

But remember that just being present with others who had possession is not enough to convict. The government must prove that the defendant either had actual or constructive possession of the alleged firearm, and knew that he did, for you to find him guilty of this crime. This, again, is all for you to decide.

## INSTRUCTION NO. 4
### "On or About"

Next, I want to say a word about the date mentioned in the indictment. The indictment charges that the crime happened "on or about" July 7, 2014. The government does not have to prove that the crime happened on that exact date. But the government must prove that the crime happened reasonably close to that date.

## INSTRUCTION NO. 5
### Witness Testifying to Both Facts and Opinions

You have heard the testimony of ATF Special Agent Jason Murphy, who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these Instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept Special Agent Murphy's opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## INSTRUCTION NO. 6

Let me finish by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.